IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SMR INTELLIGENT LTD, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br><br> Defendants. | Civil Action No. 4:25-cv-636 |

## COMPLAINT

Plaintiff SMR Intelligent Ltd., ("Plaintiff"), hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleged as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Texas, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Texas residents by operating one or more commercial, interactive Defendant Internet Stores through which Texas residents can purchase products which infringe Plaintiff's United States Patent,

1

attached hereto as **Exhibit A** (the "Asserted Patent"). Each of the Defendants has targeted sales to Texas residents by operating online stores that offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, has sold products covered by the Asserted Patent to residents of Texas as shown in **Exhibit B**.  Furthermore, upon information and belief, each Defendant has imported goods for sale into Texas for distribution as shown by the shipping times for the Accused Products shown in **Exhibit B**.  Each of the Defendants is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are Chinese entities.

## JOINDER

4. Joinder of the Defendants identified in **Schedule A** is proper.  As seen in **Exhibit C**, the infringing products are identical aside from minor variations in ornamental elements such as the color.  They all use a similar construction including the structure and type.  They all appear identically and infringe the claim in the same manner.  As such, common questions of fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for non-infringement and/or invalidity of the Asserted Patent.  Furthermore, each of the Defendant stores rely on the same or identical advertising of the same product design.

## INTRODUCTION

5. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the products shown in **Exhibit C** (the "Infringing Products"), that infringe the Asserted Patented.  The Defendants create the Defendant Internet Stores and design them to appear

to be selling genuine products, while actually selling Infringing Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as using the same or similar product images, advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

6. Plaintiff is a limited company organized under the laws of Taiwan and the owner of the Asserted Patent.

7. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Asserted Patent.

8. Upon information and belief, Defendants are Amazon storefronts operating from the perceived safety of China. Defendants conduct business throughout the United States, including within the State of Texas and this Judicial District, through the Defendant Online Stores. Upon information and belief, Defendants are under the common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully offer for sale, sell, and/or import into the United States the Infringing Product which directly infringes the Patent

in the same transaction, occurrence, or series of transactions or occurrences. As one example, Defendants provide identically structured products, with same or similar specifications, which demonstrates that each defendant is likely related. Tactics used by Defendants to conceal their identities, and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringement network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

9. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Texas and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Texas, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Texas. Furthermore, upon information and belief, each Defendant has imported, and in fact sold, one or more of the Accused Products into the state of Texas for distribution via as shown by the relatively short shipping times to residents of the forum state. *See* **Exhibit B**.

10. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Asserted Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations in the accessories with the products as well as similar if not identical product images.

11. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

12. Plaintiff is very familiar with the practices of such online counterfeiters and infringers. Such tactics include shutting down or abandoning their internet stores only to open another internet store offering the same infringing products under a different name, making enforcement of Plaintiff's intellectual property rights difficult in the extreme.

13. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

14. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Asserted Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Texas. Furthermore, upon information and belief, each Defendant has imported, and in fact sold, their products into the forum state for distribution as shown by the

relatively short delivery times to addresses within the forum state and this judicial district. **See Exhibit B**.

15. Defendants' infringement of the Asserted Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

16. Defendants' infringement of the Asserted Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Texas, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES ASSERTED PATENT
### (35 U.S.C. § 271)

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the Asserted Patent. Claim charts showing the infringement is attached as **Exhibit C.**

19. Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented products. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Asserted Patent, Plaintiff will be greatly and irreparably harmed.

21. Plaintiff is entitled to recover damages adequate to compensate for the infringement. 35 U.S.C. § 287. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(1) A judgment in favor of Plaintiff and against Defendants for willful infringement of the Asserted Patent, pursuant to 35 U.S.C. § 281;

(2) That Plaintiff be awarded damages against Defendants that are adequate to compensate Plaintiff for infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, pursuant to 35 U.S.C. § 284;

(3) That the Court increase the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284;

(4) That Plaintiff be awarded its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(5) Any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED June 12, 2025.　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Hao Ni*
　　　　　　　　　　　　　　　　　　　　　Hao Ni
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24047205
　　　　　　　　　　　　　　　　　　　　　hni@nilawfirm.com

　　　　　　　　　　　　　　　　　　　　　**NI, WANG & MASSAND, PLLC**
　　　　　　　　　　　　　　　　　　　　　8140 Walnut Hill Ln., Ste. 615
　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75231
　　　　　　　　　　　　　　　　　　　　　Tel: (972) 331-4600
　　　　　　　　　　　　　　　　　　　　　Fax: (972) 314-0900

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff SMR Intelligent Ltd.*